# Miller *against* Heck.

One who employs a special constable, deputed at his own instance, must bear the consequences of his misfeasance, as he would that of any other servant employed by him.

A constable would be liable for the misfeasance of a deputy who derived his authority from a special deputation made by his deputy.

ERROR to the common pleas of *Cumberland* county.

Abraham Miller's administrators against John Heck, constable. This was a *scire facias* against the defendant for neglect of duty as constable, in not returning an execution issued at the suit of the plaintiff, and came into the court of common pleas by appeal from the judgment of a justice of the peace.

John Heck was the constable, Daniel Shireman was his regularly appointed deputy, and the execution which issued at the suit of the plaintiff had endorsed upon it by Daniel Shireman, a deputation to Samuel Wyman. Wyman was sworn as a witness, and said:

"I got this execution from Squire Laverty. He requested me to take it. Daniel Shireman was not at the office when Squire Laverty gave me the execution. I wrote the deputation. I then took it to Shireman and he signed it. I left the execution on Laverty's desk; he was not there."

Neither party asked Wyman at whose instance he took the execution.

The plaintiff's counsel presented the following point to the court, and requested their instruction to the jury:

[Miller v. Heck.]

"The court is requested to charge the jury that the delivery of the execution to Samuel Wyman, and his handing it over to Daniel Shireman, the deputy, and procuring his deputation upon it, was a delivery to Heck the constable, and rendered Heck the constable liable for a proper execution of the writ, and return of the writ."

*Hepburn*, president.—"The plaintiff's point read and answered in the negative. If the execution was handed to Wyman, his own deputation written upon it previously, then signed by Shireman, the deputy of Heck, and executed by Wyman in his own way, we do not think the constable is liable to the plaintiff in this suit."

Charge excepted to by plaintiff's counsel.

*Reed*, for plaintiff in error, cited 3 *Penn. Rep.* 236; 9 *Serg. & Rawle* 395; 2 *Term Rep.* 154; 5 *Johns.* 137; 1 *Ld. Raym.* 168; 7 *Johns.* 35; 1 *Binn.* 240; *Cowp.* 403; 1 *Rawle* 458; 5 *Rawle* 179.

*Penrose*, for defendant in error, cited 3 *Penn. Rep.* 183.

Per Curiam.—Wyman must be taken to have been the agent of the plaintiff in the execution, or of the justice, for the one or for the other of whom he acted; and if his act is to be recognized for any one purpose, it must be so for any other. Now, had he put the execution into the hands of the deputy constable, *to be executed by him*, it would have been equivalent to a delivery to the principal, who would have been answerable for the consequences even of a delegation to Wyman himself. But it was put into the hands of the deputy for the single object of procuring his signature to a previously prepared deputation; and the justice, or the plaintiff in the execution, whichever of the two employed the intended deputy, may be said to have selected his own officer. The delivery was special, not general—not for the purpose of official action, but of signing a deputation; and the acts or omissions of the new deputy would not have rendered the principal constable liable to the employer, had the execution been put into his own hands for the same limited purpose, instead of that of his deputy: for it is entirely clear that one who employs a special constable, deputed at his own instance, must bear the consequences of his misfeasance, as he would those of any other servant employed by him.

Judgment affirmed.